

FILED
JUN 17 2008

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| VICTORIA BARR, | \* | CIV 07-1002 |
| Plaintiff, | \* | |
| -vs- | \* | ORDER AND OPINION |
| DIRK KEMPTHORNE, Secretary, U.S. Department of the Interior, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Victoria Barr ("Barr" or "plaintiff") sued the Secretary of the Department of Interior, her employer, alleging sexual harassment under Title VII, retaliation under Title VII, and a hostile work environment under Title VII.

The employer has moved for a summary judgment. Barr has responded, although not in compliance with the Federal Rules of Civil Procedure or the local rules of the District of South Dakota. The response of Barr could well be completely disregarded but the court will consider the motion "on the merits", overlooking the rules violations. I have also excused the failure of plaintiff to mail to the named defendant by certified or registered mail a copy of the summons and complaint, as required by Fed.R.Civ.P. 4(i)(2). Such deficiency has been recently corrected.

The government has replied to the Barr submissions, claiming that the Barr submissions consist almost entirely of allegations, arguments, and conclusions of law, rather than material facts with appropriate citations to the record, as required by D.S.D.LR. 56.1(B). I agree with the contentions of the government but will proceed to decide the motion for a summary judgment based on the entire record.

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c)

and <u>Donaho v. FMC Corporation</u>, 74 F.3d 894, 898 (8th Cir. 1996). The United States Supreme Court has held that:

> The plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact", since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "A material fact dispute is genuine if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." <u>Landon v. Northwest Airlines, Inc.</u>, 72 F.3d 620, 624 (8th Cir. 1995).

As a general proposition, under federal law, unlike South Dakota law, summary judgment is a favored procedure. *Compare* <u>Celotex v. Catrett</u>, 477 U.S. at 327, 106 S.Ct. at 2555 ("Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action'") and <u>Wilson v. Great Northern Ry. Co.</u>, 157 NW2d 19, 22 (S.D. 1968) ("Summary judgment is generally not feasible in negligence cases").

In considering the motion for summary judgment, this court must view the facts in the light most favorable to the nonmoving party (Barr) and "give the nonmoving party the benefit of all reasonable inferences that can be drawn from the facts." <u>Donaho v. FMC Corporation</u>, 74 F.3d at 897-898. The court will follow that directive.

It is important to state, however, that summary judgments should seldom be granted in discrimination cases, cases where inferences are often the basis of the claim, and "summary judgment should not be granted unless the evidence could not support any reasonable inference" of discrimination. <u>Lynn v. Deaconess Med. Ctr.-West Campus</u>, 160 F.3d 484, 486-87 (8th Cir. 1998). *See also* <u>Gill v. Reorganized School Dist. R-6,</u>

2

Festus, Mo., 32 F.3d 376, 378 (8th Cir. 1994) ("apply the standard with caution"). In other words, in this case, could a finder of the facts reasonably conclude that Barr suffered any adverse employment action? Could a finder of the facts reasonably conclude that the actions of her supervisor had any connection with gender discrimination? As will more fully appear, the answer to both questions is "no."

To defeat a summary judgment motion, Barr must substantiate her allegations with sufficient probative evidence that would allow a finding in her favor based on more than just speculation. Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994).

Title VII makes it unlawful for an employer to discriminate against an employee such as plaintiff on the basis of, *inter alia*, the individual's sex. 42 U.S.C. §2000e-2(a)(1). To make out a prima facie case, Barr must demonstrate that: (1) she is within the protected class; (2) she was qualified to perform her job or, put another way, she was meeting the legitimate expectations of her employer; (3) she suffered an adverse employment action; and (4) similarly situated males were not treated the same by the government. Kneibert v. Thomson Newspapers, Michigan, Inc., 129 F.3d 444, 451 n. 4 (8th Cir. 1997) (defining the prima facie case under the Age Discrimination in Employment Act (ADEA)).

Barr is clearly within the protected class. This is immaterial unless Barr suffered an adverse employment action. *See* Lyoch v. Anheuser-Busch Cos., 139 F.3d 612, 614 (8th Cir. 1998) (defining the prima facie case in the context of Title VII and a failure to promote claim). There is no issue as to whether Barr was at least minimally qualified to perform her job. This then would often provide a rebuttable presumption that discrimination has occurred but, once again, in this case, only upon a showing that an adverse employment action has been suffered by Barr and that a similarly situated male was not treated the same by the employer.

What do we mean by "an adverse employment action"? An adverse employment action "is exhibited by a *material* employment disadvantage, such as a change in salary,

3

benefits, or responsibilities." Williams v. City of Kansas City, MO, 223 F.3d 749, 753 (8th Cir. 2000) (emphasis supplied) (citing Scusa v. Nestle U.S.A. Co., 181 F.3d 958, 969 (8th Cir. 1999)). There is no evidence that, before or after the filing of a complaint with the Equal Employment Opportunities Commission, the job duties of Barr were substantially curtailed, that she suffered any loss of income, or that she suffered any other tangible material employment disadvantage. She speculates that her future salary increases may be affected but there is no evidence that any such thing has transpired. If it does transpire, the result would be directly traceable to the marginal rating of performance that Barr received which rating was exactly the same as her male co-worker. Barr has not been terminated, demoted, reassigned, or transferred. "Changes in duties or working conditions that cause no materially significant disadvantage . . . are insufficient to establish the adverse conduct required to make a prima facie case." Harlston v. McDonnell Douglas Corp., 37 F.3d 379, 382 (8th Cir. 1994).

In this case, there is no evidence that Barr was subjected to an adverse employment action. In fact, the facts are clear that Barr has not suffered any adverse employment action. Even if it could be argued that there was some evidence of adverse employment activity, there is no evidence that the allegedly adverse action was causally related to Barr's statutorily protected activities.

Title VII has been interpreted to provide a cause of action for discrimination "[w]hen the workplace is permeated with 'discriminatory intimidation, ridicule, and insult that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993) (internal citations omitted). It must be assumed that the claimed harassment of Barr was unwelcome. It is not to be assumed that the claimed harassment was based on gender and that is a requirement to support recovery for sexual harassment under Title VII. Hall v. Gus Constr. Co., 842 F.2d 1010, 1013 (8th Cir. 1988).

Harassment based on a plaintiff's gender, in violation of Title VII, is actionable when that harassment is "so 'severe or pervasive' as to 'alter the conditions of the victim's employment and create an abusive working environment.'" Faragher v. City of Boca Raton, 524 U.S. 775, 786, 118 S.Ct. 2275, 2283 (1998) (quoting from Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67, 106 S.Ct. 2399, 2405-6, 91 L.Ed.2d 49 (1986)). "To be actionable, harassment must be both objectively and subjectively offensive, such that a reasonable person would consider it to be hostile or abusive, and courts make this determination 'by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.' Faragher, 524 U.S. at 787, 118 S.Ct. at 2283 (internal quotations omitted).'" Breeding v. Arthur J. Gallagher and Co., 164 F.3d 1151, 1158 (8th Cir. 1999).

At this stage, the court must, of course, accept as true the allegations of Barr as to rude and intimidating conduct by her supervisor. However, the effect of the conduct more closely resembles the "trivial harms" identified in Burlington Northern and Santa Fe Railway Co. v. White which the Supreme Court found not actionable in considering claims of retaliation:

> We speak of material adversity because we believe it is important to separate significant from trivial harms. Title VII, we have said, does not set forth "a general civility code for the American workplace." An employee's decision to report discriminatory behavior cannot immunize the employee from those petty slights or minor annoyances that often take place at work and that all employees experience. The anti-retaliation provision seeks to prevent employer interference with "unfettered access" to Title VII's remedial mechanisms. It does so by prohibiting employer actions that are likely "to deter victims of discrimination from complaining to the EEOC," the courts, and their employers. And normally petty slights, minor annoyances, and simple lack of good manners will not create such deterrence.

548 U.S. 53, 68, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006) (internal quotations and citations omitted). These same observations apply to claims of harassment based on gender.

The court recognizes that Barr need not show that she was exposed continually to harassment based on her gender, that she need not show that she was caused any tangible psychological injury, and that she need not show that the harassment was explicitly sexual in nature. Smith v. St. Louis University, 109 F.3d 1261, 1264-65 (8th Cir. 1997).

We have the general conclusory allegation in plaintiff's complaint in this action that she was subjected to "gender discrimination." There is no evidence of any kind to support this. She points to no similarly situated male employee who was treated differently. In fact, she claims that the supervisor was equally nasty to almost all employees under his supervision. The tests to determine whether Barr was "similarly situated" to male employees vary at each stage of an analysis under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 n. 13, 93 S.Ct. 1817, 1824 n. 13, 36 L.Ed. 2d 668 (1973). We know that, at the prima-facie stage, the test is "not onerous." However, at the third stage (i.e. to prove pretext), it becomes "rigorous." Williams v. Ford Motor Co., 14 F.3d 1305, 1308 (8th Cir. 1994). We are at the prima-facie stage and the third stage will not be reached.

Barr must point to one or more co-employees who dealt with the same supervisor, which person or persons were subject to the same standards and who engaged in the same conduct as Barr without mitigating or distinguishing circumstances. See Marquez v. Bridgestone/Firestone, Inc., 353 F.3d 1037, 1038 (8th Cir. 2004). She fails to do that. She cannot and does not point to male employees who were similarly situated, i.e. involved in, or accused of, the same "offenses" and were disciplined in different ways. In fact, the evidence is undisputed that a male co-employee who was also an archaeologist being supervised by the same person supervising Barr was treated the same way as was Barr. The claims of Barr that her supervisor exhibited discrimination by instructing both

6

Barr and her male counterpart to "spruce up their appearance" in the office is, very frankly, ludicrous. Federal courts do not act as some kind of super-personnel department passing on the wisdom or the fairness of judgments made by the employer, unless the judgments were intentionally discriminatory. *See* Edmund v. MidAm. Energy Co., 299 F.3d 679, 686 (8th Cir. 2002). Thus, the prayer for relief by Barr that this court order the substitution of another supervisor as to Barr is beyond the jurisdiction of this court and would be a violation of the separation of powers under the United States Constitution. A summary judgment is also appropriate as to this claim.

This court also has no authority to direct the use or method of use of a computer by Barr's supervisor. Such use or misuse has no connection to Title VII under the undisputed facts in this case.

While the conduct cited by Barr may have resulted in a frustrating work situation, it was not, as a matter of law, so severe or pervasive as to have affected a term, condition, or privilege of her employment. *See* Austin v. Minnesota Min. and Mfg. Co., 193 F.3d 992, 994 (8th Cir. 1999) (holding that the embarrassment occasioned by posting of a derogatory flyer and distribution of plaintiff's test results were not sufficient to establish hostile work environment claim) and Scusa v. Nestle U.S.A. Co., 181 F.3d 958, 965-67 (8th Cir.1999) (observing that unpleasant conduct and rude comments were not so severe or pervasive as to have altered conditions of plaintiff's employment).

Title VII also prohibits an employer from discriminating against an employee because the employee "has opposed any practice" made unlawful by Title VII. 42 U.S.C. § 2000e-3(a). In the absence of direct evidence, the burden-shifting framework of McDonnell Douglas Corp. governs retaliation claims. Womack v. Munson, 619 F.2d 1292, 1296 (8th Cir. 1980). The first question to address is whether Barr has made out a prima facie case of retaliation. To do so, Barr must show that she (1) engaged in protected conduct; (2) a reasonable employee would have found the challenged action materially adverse; and (3) the materially adverse action was causally linked to the

7

protected conduct. Carrington v. City of Des Moines, Iowa, 481 F.3d 1046, 1050 (8th Cir. 2007). "The second prong is 'objective, requiring us to consider whether a reasonable employee in the plaintiff's position might have been dissuaded from making a discrimination claim because of the employer's retaliatory actions. *Id.* (quoting Higgins v. Gonzales, 481 F.3d 578, 589 (8th Cir. 2007) (citing in turn, Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 68, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006))." Only if Barr makes a prima facie case is the defendant required to articulate a legitimate, non-discriminatory reason for the claimed materially adverse action. Barr has not made a prima facie case because no reasonable employee would have found the treatment of Barr materially adverse. In fact, there was no materially adverse action as to her. She filed her EEOC complaint after her supervisors began to investigate her job performance. Complaining of discrimination in response to a charge of workplace misconduct is an abuse of the anti-retaliation remedy. Griffith v. City of Des Moines, 387 F.3d 733, 738 (8th Cir. 2004). In addition, to make out a retaliation claim, Barr must show that the protected conduct was a "determinative--not merely motivating--factor" in the employer's adverse employment decision. To put it another way, the standard of Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) (plaintiff must only show gender played a motivating factor), does not apply to retaliation claims. Carrington, 481 F.3d at 1053. We are somewhat like a dog chasing its tail under the facts of this case.

Barr must do more than point to the temporal connection between the filing of a complaint with the EEOC and her employer's allegedly adverse actions. "Generally, more than a temporal connection between the protected conduct and the adverse employment action is required to present a genuine factual issue on retaliation." Scroggins v. University of Minnesota, 221 F.3d 1042, 1045 (8th Cir. 2000) (quoting Kiel v. Select Artificials, Inc., 169 F.3d 1131, 1136 (8th Cir. 1999)).

Barr essentially alleges that the conduct of her supervisor was the same both before and after Barr filed her EEOC complaint, although she does advance a claim that

8

the conduct became worse after she filed her EEOC complaint. This was not retaliation but "business as usual." Clearly, Barr was not prohibited or inhibited from doing anything to advance claims of discrimination. The fact that two other employees in the work unit have filed EEOC complaints does nothing but to prove that several employees felt they were not treated with courtesy and respect. It certainly does not indicate that Barr was singled out and the evidence is undisputed that she was not.

Conclusory allegations of retaliation are not sufficient. *See* Flannery v. Trans World Airlines, Inc., 160 F.3d 425, 428 (8th Cir. 1998) (holding plaintiff unable to establish prima facie case of retaliation where plaintiff's affidavit was devoid of any specific factual allegations that, if credited by a trial jury, could support a finding of causal connection between alleged adverse actions and filing of complaint) and Helfter v. United Parcel Serv., Inc., 115 F.3d 613, 616 (8th Cir. 1997) (holding conclusory statements in affidavit, standing alone, are insufficient to withstand properly supported motion for summary judgment).

The only thing suggested by the evidence is that the plaintiff filed the EEOC complaint as a "protective strike" against possible future employer discipline against her. If that was the motive, the tactic worked since she suffered no adverse action. "Title VII protection from retaliation for filing a complaint does not clothe the complainant with immunity for past and present inadequacies, unsatisfactory performance, and uncivil conduct in dealing with subordinates and with his peers." Jackson v. St. Joseph State Hosp., 840 F.2d 1387, 1391 (8th Cir. 1988).

What are the general legal principles that the court must apply in connection with the motion for a summary judgment in this Title VII action? There was some thought that Desert Palace, Inc. v. Costa, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003), a case that interpreted the Civil Rights Act of 1991, broadened the McDonnell Douglas test to require an examination of not only whether there is direct evidence of discrimination but also an examination of whether there is circumstantial evidence of discrimination. There

9

is no need to address that issue here since, in the Eighth Circuit, the Desert Palace decision does not affect the proper analysis of motions for summary judgment under Title VII. Griffith v. City of Des Moines, 387 F.3d 733, 736 (8th Cir. 2004). Desert Palace, as we know, involved jury instructions after a trial.

> McDonnell Douglas should be applied at this stage of the case. This means that a plaintiff may survive the defendant's motion for summary judgment in one of two ways. The first is by proof of "direct evidence" of discrimination. Direct evidence in this context is not the converse of circumstantial evidence, as many seem to assume. Rather, direct evidence is evidence "showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated" the adverse employment action. *Thomas v. First Nat'l. Bank of Wayne*, 111 F.3d 64, 66 (8th Cir. 1997). Thus, "direct" refers to the causal strength of the proof, not whether it is "circumstantial" evidence. A plaintiff with strong (direct) evidence that illegal discrimination motivated the employer's adverse action does not need the three-part *McDonnell Douglas* analysis to get to the jury, regardless of whether his strong evidence is circumstantial. But if the plaintiff lacks evidence that clearly points to the presence of an illegal motive, he must avoid summary judgment by creating the requisite inference of unlawful discrimination through the *McDonnell Douglas* analysis, including sufficient evidence of pretext . . . This formulation is entirely consistent with *Desert Palace*. Thus, we conclude that *Desert Palace* had no impact on prior Eighth Circuit summary judgment decisions. Griffith, 387 F.2d at 736.

The record in this case demonstrates that Barr has no strong or direct evidence of illegal discrimination of any kind. Nor does she have any evidence or inference of any illegal motivation or pretext. Without proof of the requisite adverse employment action, the retaliation claim must fail. *See* Scusa, 181 F.3d at 969. Likewise, the claim for gender discrimination must fail.

In the present case, there is no need for any shifting of burdens since there is no evidence that there was any adverse employment action. The only evidence is that all employees were treated equally. Since Barr has failed to demonstrate by any evidence

that a prima facie case has been advanced, there is no need to advance to the "pretext" stage. Even if we were to do that, there is no evidence of any pretext.

As we know, a retaliatory discharge claim may be advanced even if the underlying discrimination complaint is not meritorious. We are, however, not dealing with a discharge claim.

Barr has failed to create any "trial-worthy issues" giving rise to an inference of gender discrimination. See Habib v. NationsBank, 279 F.3d 563, 566 (8th Cir. 2001) (elements of prima facie case), and Moody v. St. Charles County, 23 F.3d at1412 (to defeat summary judgment, plaintiff must substantiate allegations with sufficient probative evidence that would allow a finding in the plaintiff's favor on more than just speculation). Only gross speculation and bare allegations are present here. As a matter of law, none of that is sufficient.

In addition, there is no direct or circumstantial evidence of any harassment based on gender. There is no evidence of anything explicitly sexual in nature. Having said that, I fully realize that "[t]he predicate acts which support a hostile- environment sexual-harassment claim need not be explicitly sexual in nature . . . Rather, the key issue 'is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed.'" Kopp v. Samaritan Health Sys., 13 F.3d 264, 269 (8th Cir. 1993) (quoting Harris v. Forklift Systems, Inc., 510 U.S. 17, 25, 114 S.Ct. 367, 372, 126 L.Ed.2d 295 (1993) (Ginsburg, Justice, concurring)). There is no evidence of any hostile work environment based on gender.

Prohibited conduct must, in an objective sense, be extreme and not merely rude or unpleasant. Barr has lost sight of the fact that one of the job functions of her supervisor was and is to supervise her.

Perhaps one of the most telling portions of the record which shows the inability of the plaintiff and her attorney to prove anything in this lawsuit (as well as a basic misunderstanding of what is prohibited by Title VII) is found in the transcript of the

deposition testimony of the male co-worker of Barr (who received the same "minimally successful" rating as Barr):

> Q. He was rude and hostile to the both of you. Is that what you're saying?
> A. Yes.
> Q. How about others in DESCRM? (the employment unit in question)
> A. According to them, likewise.
> Q. Treats everybody badly. Is that what you're saying?
> MR. MALONEY (counsel for plaintiff): Bingo.
> A. Exactly. . . .

This is one of the weakest, if not the weakest, cases of claimed Title VII discrimination that I have seen since taking office in 1995. It has absolutely no merit. It is not the function of a federal court to micro manage executive agencies or demand that supervisors treat all employees in a courteous and respectful manner.

There are no genuine issues of material fact and the motion for a summary judgment should be granted. The evidence could not and does not support any reasonable inference of discrimination. Barr has failed to present a prima facie case.

Now, therefore,

IT IS ORDERED, as follows:

1) The motion (Doc. 15) for a summary judgment is granted, there being no genuine issue of material fact.

2) Costs shall be taxed against the plaintiff and in favor of the defendant.

Dated this __17th__ day of June, 2008

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST
JOSEPH HAAS, CLERK
BY: _____
DEPUTY   (SEAL)

12